**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-1795 |
| Plaintiff - Appellee, | D.C. No. 4:22-cr-01545-RM-EJM-1 |
| v. | |
| AARON THOMAS MITCHELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted March 5, 2026
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Aaron Thomas Mitchell appeals his convictions for one count of kidnapping a minor, in violation of 18 U.S.C. § 1201(a)(1) and (g), and one count of deprivation of bodily rights under color of law, in violation of 18 U.S.C. § 242. Defendant raises various challenges to his convictions. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under 18 U.S.C. § 3231. For the reasons discussed below, we affirm Defendant's convictions.

1.    The district court did not abuse its discretion in denying Defendant's motions for mistrial premised on alleged prosecutorial misconduct. *See United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1029 (9th Cir. 2009). For the district court to have abused its discretion, there must have been prosecutorial misconduct, and that misconduct must have been prejudicial to Defendant. *Id.* at 1029–30. Defendant argues that his mistrial requests should have been granted in response to two instances of alleged prosecutorial misconduct: (1) the Government elicited allegedly improper testimony from an expert regarding DNA evidence, and (2) the Government held up an unadmitted detective's badge during redirect examination of the victim. Whether either action actually amounted to misconduct is inconsequential because neither action prejudiced Defendant.

Regarding the DNA evidence testimony, we cannot see that any misconduct occurred. Rather, it appears that Defendant, the Government, and the district court each had a different understanding as to what was admissible. And even if we were to assume that the Government acted in bad faith, "[a] curative instruction may obviate the impact of the government's statements, as juries are assumed to follow the court's instructions." *Id.* at 1030. The district court gave such an instruction to the jury, instructing that the parties had stipulated that the disputed DNA test swabs

24-7295

were inconclusive, that they could not be matched to Defendant, and that the jury should take that stipulation "as having been proven." If anything, that instruction *strengthened* Defendant's case rather than prejudiced it.

As for the second incident, even assuming the Government's attempted use of the badge was improper, nothing indicates the Government's brief display of a detective's badge resulted in any actual prejudice here. Contrary to Defendant's argument, there is no reason to think this act could have caused the jury to believe the badge being shown was *Defendant's* badge—the Government plainly identified the displayed badge as "a *detective's*" before the jury, not a Customs and Border Protection officer's badge, and not Defendant's. And in any event, any potential prejudice was harmless in light of the overwhelming evidence demonstrating Defendant's guilt. *See United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190 (9th Cir. 2019).

2.      Defendant is not entitled to reversal based on any other alleged prosecutorial misconduct. Defendant identifies various statements from the Government, only some of which he objected to at trial, that he claims deprived him of due process and a fair trial. "We review de novo whether any prosecutorial misconduct occurred . . . [and] then consider the effect of any misconduct to determine whether reversal is warranted." *United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015). Even under the least deferential applicable standard, "we must

3                                                                          24-7295

view 'the challenged conduct in the entire context of the trial, and reverse only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial.'" *United States v. Dominguez-Caicedo*, 40 F.4th 938, 948 (9th Cir. 2022) (citation omitted).

Defendant raises a slew of challenges to various statements the Government made, but nothing in the record indicates that any of the Government's actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Defendant has not shown that he suffered any prejudice as a result of the challenged conduct, and "[i]n the context of the entire trial, the prosecution's [purported] misconduct was not likely to have affected the jury's ability to weigh the evidence fairly." *Flores*, 802 F.3d at 1037.

3. The district court did not abuse its discretion in denying Defendant's motion to continue trial beyond August 19, 2024. *See United States v. Walter-Eze*, 869 F.3d 891, 907 (9th Cir. 2017). "A trial court clearly abuses its discretion only if denial of the continuance was arbitrary or unreasonable." *United States v. Torres–Rodriguez*, 930 F.2d 1375, 1383 (9th Cir. 1991). "The most critical question is whether [Defendant] was prejudiced by the district court's refusal to grant his request for a continuance. We may not reverse unless the party whose request was denied suffered prejudice." *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995).

24-7295

Defendant asserts that four-and-a-half months was insufficient time for his counsel to prepare for trial, but he provides no clear indication what his counsel would have done with extra time or how the denial of his latest motion to continue—after the district court previously granted ten such motions—caused him prejudice. This case is on all fours with *United States v. Wilkes*, 662 F.3d 524 (9th Cir. 2011), in which we found that a district court did not abuse its discretion where the defendant "failed to establish that actual prejudice resulted from the denial because he has not shown that his verdict would have been different had the district court granted his request for continuance." *Id.* at 543. And unlike in *Wilkes*, Defendant here has not even gone so far as to identify any specific documents or witnesses "that he contends he could have used to bolster his defense had he been afforded additional time." *Id.*

4. The district court did not abuse its discretion in admitting evidence related to Defendant's cell phone internet searches. *See United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). Defendant raises three challenges to the admission of web searches found on his cell phone: (1) that the evidence lacked sufficient foundation of authenticity, (2) that the danger of prejudice substantially outweighed its probative value, and (3) that it was improper character evidence. We will reverse only if, "in the context of the entire trial, it is more probable than not that [the

5

improperly admitted evidence] materially affected the verdict." *Id.* at 954 (citations omitted). None of Defendant's challenges is compelling.

As to authenticity, Defendant presented no evidence whatsoever that the police created the challenged searches or otherwise tampered with the phone to incriminate Defendant. Baseless allegations of evidence tampering are insufficient to raise an authenticity challenge under Federal Rule of Evidence 901(a); the district court properly concluded that a reasonable juror could have found that the searches were authentic. Nor did the district court abuse its discretion in refusing to exclude the searches under Federal Rule of Evidence 403 because the probative value of the searches outweighed any potential danger of unfair prejudice. The searches provided a temporal link between Defendant and the commission of the crimes; corroborated the victim's story that Defendant gave her alcohol and that he attempted to choke her and placed a shirt over her mouth; suggested Defendant intended to commit rape; and suggested Defendant knew the victim was a minor. Finally, the district court did not abuse its discretion because the searches were not used as evidence of "any other crime, wrong, or act . . . to prove a person's character" to rape under Federal Rule of Evidence 404(b)(1).

5. The district court did not err in rejecting Defendant's as-applied Commerce Clause challenge to the federal kidnapping statute and denying his motion to dismiss the kidnapping charge. "An as-applied constitutional challenge

24-7295

to a statute is reviewed de novo." *United States v. Stackhouse*, 105 F.4th 1193, 1198 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 558 (2024).

Defendant argues that the district court "misapplied" *Stackhouse* because the victim in that case was transported across state lines. But that is incorrect—there were multiple victims in *Stackhouse*, and the kidnapping victim was never transported across state lines. 105 F.4th at 1199. Indeed, we expressly held that "the application of the federal kidnapping statute to *an intrastate kidnapping* is constitutional where the defendant uses a cellphone—an instrumentality of interstate commerce—in furtherance of the offense." *Id.* at 1196 (emphasis added); *see also United States v. Lopez*, 514 U.S. 549, 558 (1995) (instrumentalities of interstate commerce include "persons or things in interstate commerce, even though the threat may come only from intrastate activities"). Defendant also argues that cars as a class are not necessarily instrumentalities of interstate commerce. But that argument is precluded by our precedent; we have expressly held, on at least two occasions, "that cars are instrumentalities of interstate commerce." *Fejes v. FAA*, 98 F.4th 1156, 1160 (9th Cir. 2024); *United States v. Oliver*, 60 F.3d 547, 550 (9th Cir. 1995) ("[C]ars are themselves instrumentalities of commerce, which Congress may protect.").[1] Defendant's arguments do not overcome these binding and unqualified holdings.

---

[1] We note that the district court did use some potentially overbroad language in ruling that "*vehicles* as a class are instrumentalities of interstate commerce." The term "vehicle" could encompass a near limitless class of devices, and we are not aware of

24-7295

6.      The cumulative error doctrine does not warrant reversal of Defendant's convictions.  "[T]he combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal."  *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007).  "[T]he fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense 'far less persuasive,' and thereby had a 'substantial and injurious effect or influence' on the jury's verdict."  *Id.* (citations omitted).  Defendant argues that the cumulative effect of the alleged "prosecutorial misconduct" and of the "trial errors" each separately prejudiced him and deprived him of a fair trial.  Because these arguments appear to overlap, we shall address them together.

As we have already discussed, Defendant has not identified a single incident that resulted in *any* prejudice.  And the cumulative effect of many events, each individually resulting in zero prejudice, is still zero prejudice.  Nor has Defendant shown that the cumulative effect of the alleged misconduct or trial errors "would

---

a case extending the Commerce Power to "vehicles" in general.  The district court may have intended "vehicles" to mean "cars" in this instance, but regardless, this mischaracterization was harmless in light of our holding that cars, including Defendant's, *are* instrumentalities of interstate commerce.

have altered the verdict," particularly in light of the fact that "the government in this case presented ample evidence of [Defendant's] guilt." *Wilkes*, 662 F.3d at 543.

**AFFIRMED.**

24-7295